1          IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

2

3    UNITED STATES OF AMERICA        :

4              v.                    :   CRIMINAL NO. 1:CR-00-052-01
                                         (Judge Kane)

5    DEBORAH FETTERHOLF,             :
                        Defendant

6

7

8                     TRANSCRIPT OF PROCEEDINGS

9                          SENTENCING

10              Before:   Hon. Yvette Kane, Judge

11              Date:     January 5, 2001

12              Place:    Courtroom No. 4          **FILED**
                          Federal Building     **HARRISBURG, PA**
13                        Harrisburg, Pa.

14                                             **JUL 21 2004**

15                                          MARY E. D'ANDREA, CLERK
                                            Per _____
                                                 Deputy Clerk

16

17   COUNSEL PRESENT:

18       WILLIAM A. BEHE, Assistant U.S. Attorney

19           For - Government

20       SPERO T. LAPPAS, Esquire

21           For - Defendant

22

23

24

25                              Monica L. Zamiska, RPR
                                Official Court Reporter

1          MR. BEHE:  Your Honor, with the Court's permission

2     I would call the following matter; that is, the United States

3     of America v. Deborah Fetterolf.  This is docketed to

4     Criminal No. 00-052.  May the record reflect that Miss

5     Fetterolf is present before you with her counsel Mr. Lappas,

6     and now is the time and place set for sentencing in this

7     matter.

8          The United States has filed a motion for guideline

9     departure pursuant to Section 5K1.1 of the guidelines.  I

10    would like to point out to Your Honor that there is a mistake

11    in that motion on page 2, paragraph 3, the seventh line down

12    where it says to trial the week of August 8, 2000.  I

13    mistakenly put the name Steckbeck down, it should be Miss

14    Fetterolf's name, she's the one who provided substantial

15    information.  That may have affected Your Honor's reading of

16    it because it was not Janice Steckbeck, it was the defendant

17    here.  It was an oversight on my part that I didn't catch

18    that, but she did provide substantial information.

19         THE COURT:  I understand from the motion that the

20    defendant is also providing information to local law

21    enforcement authorities.

22         MR. BEHE:  Yes.

23         THE COURT:  Is that in Dauphin County?

24         MR. BEHE:  Yes.

25         THE COURT:  Okay.  Mr. Lappas, do you have a copy

1    of Mr. Behe's motion and also the report of the probation

2    office calculating a total offense level 15 and criminal

3    history category I?

4              MR. LAPPAS:  That is correct, Your Honor.  We have

5    received the presentence report, reviewed it with -- I have

6    reviewed it with my client, and the Court would have through

7    the probation office our November 3, 2000 letter of

8    objections which were eventually decided by the probation

9    officer.

10              The only substantial objection, Your Honor, deals

11    with the enhancement for role in the offense, and I think and

12    hope that the government's 5K1 motion and remarks that I plan

13    to make today may obviate the need to rule on that objection,

14    so if I might move right to the issue of departure.

15              THE COURT:  Uh-huh.

16              MR. LAPPAS:  I received this motion yesterday, Your

17    Honor, as the day it was filed, Mr. Behe promptly faxed me a

18    copy of it, and in reading it over I must say that in all the

19    times that I have represented cooperating defendants in

20    federal cases or in fact in state cases, this was -- this

21    motion reveals a level of cooperation and help which is

22    almost unprecedented in my experience.  Quoting from

23    paragraph 5 on page 3 of the motion Mr. Behe states correctly

24    I believe that the defendant has complied with every request

25    made by the United States, promptly forfeited $10,000 to the

1    United States as required by the plea agreement and is

2    willing to assist the law enforcement agencies in the

3    investigation of other massage parlors.

4         It also true, as Your Honor will no doubt recall

5    from her own recollection of the events in question, that

6    Miss Steckbeck and Mr. Hamer were prepared and my impression

7    was adamantly desirous of proceeding to trial.  On the day we

8    picked the jury in fact their counsel were I think intending

9    to and certainly could have mounted a vigorous and perhaps

10    effective defense.  What changed that all was the knowledge

11    that was revealed to counsel for the other defendants in Your

12    Honor's chambers, if I remember correctly, that Miss

13    Fetterolf was now cooperating.  Although we did pick a jury

14    because of scheduling constraints, as soon as the other

15    defendants realized that Deborah Fetterolf was cooperating,

16    they pleaded guilty or indicated their desire to plead

17    guilty, I think even that very week.  So her cooperation has

18    not only been extensive, and in fact, as Mr. Behe said, she's

19    complied with every condition, every desire he imposed upon

20    her, but it's been effective.

21         This is not a case to which she cooperated to no

22    effect, her cooperation has already borne fruit, and I

23    believe the government would agree that it is likely to bear

24    further fruit in the future.

25         Now that puts us I think in a situation where not

1    only is she entitled to the departure which we have seen

2    recommended by Mr. Behe's motion, but also I think this

3    raises a Leiberman case in which Miss Fetterolf by her

4    actions has demonstrated an exceptionally high level of

5    acceptance of responsibility.  She forfeited $10,000 almost

6    immediately upon executing the plea agreement.  We were

7    served through my office a matter of weeks ago with the

8    forfeiture complaint, which we did not answer, of course, in

9    light of her plea agreement.  She has spent I believe many

10   hours with various investigators and again provided

11   information which can only be described as extensive.

12           Now Mr. Behe has recommended a sentence of 12

13   months and a day.  My request is this, that Your Honor

14   sentence Deborah Fetterolf in the 6 to 12 month range, which

15   is only a slight reduction from what the government has

16   requested, and I suggest that that reduction is proper under

17   the Leiberman standard.  A sentence of between 6 and 12

18   months could, with Your Honor's order, which I request, place

19   her in Zone B of the guideline sentencing table.  Under

20   5C1.1(c)(3) she could then receive a sentence of probation

21   that includes as a condition that period of intermittent

22   confinement or essentially work release or home detention be

23   substituted for imprisonment.

24           I think that if Your Honor read, as I'm sure you

25   did, Miss Fetterolf's letter to the probation officer and to

1    you, it reveals an unusually eloquent statement of contrition

2    and a sincere one.  She and I worked on that letter for

3    hours, and I can tell you that every statement in there was

4    her heartfelt expression of contrition.

5         She has literally turned her life around by virtue

6    of this prosecution, which it's too bad that it had to happen

7    this way, but unfortunately it did happen.

8         She has since her plea she tells me started her own

9    janitorial service business.  So she does have gainful

10   employment that she could perform in the event that the Court

11   sentences along the lines that I have requested.

12        There is little more that I can say for her beyond

13   what she's said for herself.  I think her actions in this

14   matter since pleading guilty speak volumes for the fact that

15   she is a suitable candidate for rehabilitation, and I ask the

16   Court to sentence her under a guideline of 5C1.1(c)(3) to a

17   sentence of work release or home detention.  Thank you.

18        THE COURT:  Mr. Lappas, just so I'm clear, you

19   indicated that when you started out that maintaining your

20   objections would be somewhat dependent on whether or not the

21   Court would find substantial assistance.  Are you preserving

22   the objections that were stated in the original probation

23   report or are you waiving them now?

24        MR. LAPPAS:  No, we're not waiving them, Your

25   Honor.

1        THE COURT:  Miss Fetterolf, do you have anything

2   you want to say?

3        THE DEFENDANT:  Yes, Your Honor.  I am truly sorry

4   for how things have worked with the business and everything.

5   The way I see this business today is not the same as I saw it

6   back then.  I truly in my heart wanted to help those women

7   and get them out of that type of business, and I was wrong.

8   It was not the right thinking.  I have changed my life

9   around, and the only thing that I can say about today is that

10  I have put it in God's hands, and that's where I'm meant to

11  be.  Thank you.

12        Mr. Behe.

13        MR. BEHE:  Yes, Your Honor, since Mr. Lappas is

14  maintaining his objections, I would just simply state that I

15  believe that the response prepared by the probation officer

16  in this matter Mrs. Regan addresses those objections, and I

17  would ask the Court to adopt the presentence report and the

18  addendum which addresses the objections.  Clearly under the

19  facts of this particular case the defendant deserves the 3

20  level enhancement for the role in the offense, and I believe

21  that the objections were addressed by Mrs. Regan.

22        My motion for guideline departure that was filed

23  yesterday is one that I respectfully ask the Court to accept

24  in this matter.  I do believe that the straw that broke the

25  camel's back in the Steckbeck and Hamer case was the

1    knowledge that Miss Fetterolf, who although was not charged

2    as a co-conspirator with the two of them, knew them, worked

3    with them, knew of their business, had contacts with them

4    during the investigation, was prepared to testify.  The

5    parties would communicate about who might be undercover

6    police officers, all the things that would have just

7    completely stripped the defense of Steckbeck and Hamer, that

8    they did not know what was going on, it was completely away

9    from them, and once the defendants learned of her willingness

10   to testify against them, I think that was what turned the

11   tide, although they pled guilty reluctantly.

12          Secondly, they, unlike Miss Fetterolf, have not

13   agreed to cooperate and have not cooperated, although they

14   certainly have the opportunity to do so and can still do so.

15          And one thing that Mr. Lappas did not mention but

16   it's clear in the presentence report, I do not believe Miss

17   Fetterolf has a criminal record of any sort, and I think that

18   although this particular crime went on for a few years and

19   involved a substantial amount of money, it is a heck of a way

20   to have your first crime.  She does not have any criminal

21   history, and I think that speaks to her as well.

22          If Your Honor is going to depart from the guideline

23   range to whatever sentence Your Honor decides to impose if

24   Your Honor doesn't accept their recommendation, unlike Mr.

25   Lappas, I would respectfully request that the sentencing be

1    in Zone C, and that would allow for half in and half out, if

2    I'm not mistaken, in terms of confinement, and those are all

3    the remarks I have.

4            THE COURT:  Miss Fetterolf, like the other

5    defendants who appeared before the Court, you present a

6    situation where the Court has difficulty overlooking the fact

7    that you engaged in a criminal episode, a criminal

8    enterprise, that was ongoing, that is very serious, to know

9    that a person every day for eight years of her life went to

10   work every single day knowing that she was violating the law,

11   and that weighs very heavily against the things that your

12   lawyer has said and Mr. Behe has said.  However, I am

13   convinced by the letter that you wrote and by the things that

14   Mr. Behe and Mr. Lappas have said that you are truly

15   repentant and that you're not going to be a person who is

16   ever going to appear before this Court again.

17           I also think in evaluating the government's motion

18   for downward depart that the information that you gave was

19   helpful, it was timely, it was substantial.

20           We are here in federal court I think for a reason,

21   local authorities have tried for a long time to get at the

22   criminal conduct that is the subject of these three

23   prosecutions and have had no apparent success doing that, so

24   I think that the information that you've provided to the

25   federal authorities and to local authorities is very

1    important, it's very helpful.

2        I think judging from the conduct and the demeanor

3    of Mr. Hamer, you may have provided that information at some

4    risk to yourself, so I do think weighing against the offense

5    here is a real assistance to the government, and you deserve

6    to be credited for that.  For that reason I'm going to depart

7    3 levels to place you in a sentencing range of 10 to 16

8    months.  I will recognize the government's recommendation and

9    sentence you to 12 months and 1 day.

10        Pursuant to the Sentencing Reform Act of 1984 it's

11    the judgment of the Court on Count 1 that the defendant

12    Deborah Fetterolf is hereby committed to the custody of the

13    Bureau of Prisons to be imprisoned for a term of 12 months

14    and 1 day.

15        The Court finds that the defendant has the ability

16    to pay a fine, accordingly it's further ordered that the

17    defendant pay to the United States the sum of $4,100,

18    consisting of a fine of $4,000 and a special assessment of

19    $100.  The fine and assessment are due immediately, shall be

20    paid through the Clerk of Court and are payable during the

21    period of incarceration with any balance to be paid within 2

22    years of the defendant's release from custody.

23        The Court finds that the defendant does not have

24    the ability to pay interest and waives the interest

25    requirement.

1    Upon release from imprisonment the defendant shall

2    be placed on supervised release for a term of 2 years.

3    Within 72 hours of release from the custody of the

4    Bureau of Prisons the defendant shall report in person to the

5    probation office in the district to which she's released.

6    While on supervised release the defendant shall

7    comply with the standard conditions that have been adopted by

8    the Court and with the following additional conditions:  The

9    defendant shall participate in mental health treatment, to

10   include treatment for gambling, as directed by the probation

11   office.  The defendant shall pay any balance of the fine

12   imposed by this judgment which remains unpaid at the

13   commencement of the term of supervised release in minimum

14   monthly installments of no less than $100.  As a condition of

15   supervision the defendant shall submit to one drug test

16   within 15 days of release from custody and at least two

17   periodic drug tests thereafter.

18   Miss Fetterolf, you can appeal your conviction if

19   you believe that your guilty plea was somehow unlawful or

20   involuntary or that there is some other fundamental defect in

21   the proceeding that was not waived by your guilty plea.

22   You also have a statutory right to appeal your

23   sentence under certain circumstances, particularly if you

24   think that sentence is contrary to law.  With few exceptions

25   any notice of appeal must be filed within 10 days that the

1    sentence is imposed on you.

2            If you are unable to pay the costs of an appeal,

3    you can apply for leave to appeal in forma pauperis.  If you

4    so request, the Clerk of Court will prepare and file a notice

5    of appeal on your behalf.

6            The basis for the sentence is as follows:  The

7    Court adopts the factual finding and guideline application in

8    the presentence report.  The sentence departs from the

9    guideline range upon motion of the government as a result of

10   the defendant's substantial assistance.

11           Mr. Behe, do you have any objection to a voluntary

12   surrender in this case?

13           MR. BEHE:  Not at all, Your Honor.

14           THE COURT:  Is there a date that you have in mind?

15           MR. BEHE:  I do not have any.  I don't know whether

16   Mr. Lappas has spoken to his client about how long it would

17   take for her to get her affairs in order.

18           THE COURT:  Mr. Lappas.

19           MR. LAPPAS:  Thirty days, Your Honor.

20           THE COURT:  Miss Kennedy.

21           THE CLERK:  February 7.

22           THE COURT:  Mr. Behe, is there anything else for

23   the record in this matter?

24           MR. BEHE:  Yes, Your Honor, I move to dismiss all

25   remaining counts of the indictment.  I believe the defendant

1    pled guilty to Count 1.

2              THE COURT:  All right, the motion is granted.

3              Anything else, Mr. Lappas?

4              MR. LAPPAS:  No, Your Honor.

5              THE COURT:  We'll be in recess.

6              (The proceedings concluded.)

7

8         I hereby certify that the proceedings and evidence

9    of the court are contained fully and accurately in the notes

10   taken by me on the sentencing of the within cause and that

11   this is a correct transcript of the same.

12                    *Monica L. Zamiska*

13                    Monica L. Zamiska, RPR

14                    Official Court Reporter

15

16

17

18

19

20

21

22

23

24

25